FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

10 JAN 14 AM 10: 54

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.                                            CASE NO.: 8:10-cr- 0018-J27TGW

TROY WUBBENA                                  21 U.S.C. § 846
                                              21 U.S.C. § 853 (Forfeiture)

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

#### A. INTRODUCTION

At times material to this Indictment, or for the specific dates set forth below:

1. Defendant Troy Wubbena ("WUBBENA") was a physician assistant with an active licence to practice in the State of Florida, effective October 1, 2007, under the supervision of a named physician. Defendant WUBBENA practiced out of the medical business known as "Neurology and Pain Center," at the clinics located in Tampa, Sarasota, St. Petersburg, Lakeland, Jacksonville and Orlando, Florida. Defendant WUBBENA was prohibited in the State of Florida from dispensing, administering or prescribing controlled substances.

#### B. THE AGREEMENT

2. From an unknown date, which was at least beginning in 2007, through in or about March 2009, in the Middle District of Florida, the defendant,

TROY WUBBENA,

did knowingly and willfully conspire with others, both known and unknown to the Grand

Jury, to possess with intent to distribute and to distribute a quantity of a mixture and substance containing a detectable amount of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### C. <u>MANNER AND MEANS OF THE CONSPIRACY</u>

The manner and means of this conspiracy included the following:

3. It was part of the conspiracy that the defendant would, and did, directly or indirectly through others known and unknown to the Grand Jury, knowingly and intentionally distribute controlled substances, and cause controlled substances to be unlawfully distributed by obtaining and using blank prescription forms pre-signed by the defendant's supervising physician, and then filling them out in the names of purported patients for various dosage units of Oxycodone, a Schedule II Controlled Substance.

4. It was part of the conspiracy that the defendant would, and did, knowingly and intentionally distribute controlled substances, and cause controlled substances to be unlawfully distributed, by directly and indirectly recruiting individuals to act as purported patients for the purpose of filling the above described fraudulent prescriptions for Oxycodone at various pharmacies throughout the Middle District of Florida for illegal distribution.

5. It was part of the conspiracy that the defendant would, and did, knowingly and intentionally distribute controlled substances, and cause controlled substances to be unlawfully distributed, by directing that as payment for providing the above described fraudulent prescriptions, that all or a portion of the Oxycodone be returned to the defendant for illegal distribution.

6. It was part of the conspiracy that the defendant would, and did, knowingly and intentionally distribute controlled substances, and cause controlled substances to be unlawfully distributed by fraudulently filling out blank prescription forms pre-signed by his supervising physician for Oxycodone in the names of individuals without their knowledge or consent and causing those prescriptions to be filled and the pills returned to the defendant for illegal distribution.

7. It was further part of the conspiracy that the defendant would, and did, perform and cause to be performed acts, and make and cause to be made statements, to hide and conceal the purpose of the conspiracy and the acts committed in furtherance thereof.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(C)

## FORFEITURE

1. The allegations contained in Count One of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of Title 21, United States Code, Section 853.

2. From his engagement in the violation alleged in Count One punishable by imprisonment for more than one year, the defendant,

TROY WUBBENA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), all of his right, title and interest in:

    a. property constituting and derived from any proceeds defendants obtained, directly or indirectly, as a result of such violations; and

    b. property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred, sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or,

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), up to the value of the forfeitable property.

A TRUE BILL,

_____
Foreperson

A. BRIAN ALBRITTON
United States Attorney

By: _____
KATHY J.M. PELUSO
Assistant United States Attorney

By: _____
JOSEPH K. RUDDY
Assistant United States Attorney
Senior Deputy Chief, Narcotics Section

FORM OBD-34
APR 1991

No.

UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

TROY WUBBENA

INDICTMENT

Violations:

21 U.S.C. § 846

A true bill,

_____
, Foreperson

Filed in open court this 14th day

of January 2010

_____
Clerk

Bail $ _____

FILED

10 JAN 14 AM 10: 54

CLERK U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

GPO 863 525

3