UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        Case No.: 8:10-Cr-18-T-27TGW

TROY WUBBENA

_____/

## DEFENDANT TROY WUBBENA'S SENTENCING MEMORANDUM

COMES NOW, the undersigned counsel, on behalf of the Defendant, Troy

Wubbena, and files this, his sentencing memorandum which details, requests for

mitigation, a § 3553(a) analysis, and miscellaneous issues; and in support states as

follows:

**I.    GENERAL FACTUAL BACKGROUND**

   A.    Case History

   1.  Counsel was retained in this Defendant's cause.

   2.  On January 14, 2010, the Defendant was charged in a One Count

Indictment for Conspiracy to Possess with Intent to Distribute a Schedule II

Controlled Substance, the Indictment contains a forfeiture provision.

   3.  On  May 10, 2010, before the Honorable Thomas G. Wilson, United

States Magistrate Judge, pursuant to a written Plea Agreement, the

Defendant plead guilty to Count One of the indictment.

   4.  United States District Judge James D. Whittemore, accepted Defendant's

guilty plea and adjudicated the Defendant guilty on June 4, 2010.

5.  Sentencing is set for August 26, 2010, at 3:30 P.M.

B.   <u>Relevant Conduct</u>

1.  On March 26, 2009, the Defendant was named in a Thirteen Count

Indictment.

2.  On October 8, 2009, a Superseding Indictment containing Forty-Seven

Counts, named the Defendant in violation of Title 21 USC §§ 841(a)(1),

846, 841(b)(1)(C), and 841(b)(1)(D).  Additionally the Defendant was

charged in Counts Fourteen through Forty-Seven with defrauding Medicare

in violation  of Title 18 §§ 1349 and 1347.  The Indictment contains a

forfeiture provision under Title 21 USC § 853 and Title 18 USC § 982(a)(7).

3.  On  May 18, 2010, before the Honorable Thomas G. Wilson, United

States Magistrate Judge, pursuant to a written Plea Agreement, the

Defendant plead guilty to Count One and Fourteen of the indictment.

4.  United States District Judge Elizabeth A. Kovachevich, accepted

Defendant's  guilty plea and adjudicated the Defendant guilty on June 8,

2010.

5.  Sentencing has not been set as of today

## II.   **SENTENCING POSITION**

A.   <u>Legal Analysis for Sentencing</u>

In light of *United States v. Booker*, 543 U.S. 220 (2005) and *Gall v. United States*, 128 S.Ct. 586 (2007), the Defendant respectfully suggests this Honorable Court follow a three-step sentencing process in order to reach a reasonable, but not greater than necessary, sentence:

1.    Determine the applicable advisory guideline range.

2.    Determine whether, pursuant to the Sentencing Commission's policy statements, any departures from the advisory guideline range apply.

3.    Determine the appropriate sentence in light of the factors set forth in Title 18 U.S.C. Section 3553(a)(1)(3-7) each of which are to be considered with equal weight by the Court as it gives to the advisory federal guidelines.

B.    <u>Advisory Guidelines</u>

1.  Defendant is aware he is being held accountable for the illegal distribution of approximately 15,000 Oxycodone tablets, doses of 30 mgs., between 2007 and April 2009.

2.  The Defendant is aware of the seriousness of the charge, and that the advisory guideline offense level calculates to a Base Offense Level, for this Court's consideration, of Level 34.

3.  This offense caries a maximum punishment of imprisonment for no more than 20 years.

4. The Government has agreed, in the written Plea Agreement, to recommend of the Court, the Low End of the guideline range and the full amount of reduction for Acceptance of Responsibility minus 3 levels.

5. The Government also agreed that no further charges be sought by the Middle District of Florida.

6. Mr. Wubbena agreed to cooperate fully with authorities.

7. The advisory range for this offense, in consideration of the preceding and the Defendant's lack of Criminal History, is approximately 14 years.

C.   The Effect of '*Booker*' and '*Gall*'

1.     The Federal Sentencing Guidelines were deemed unconstitutional, their mandatory nature had judges, not juries, finding facts that enhance sentences.

2.     The Supreme Court ruled this conflicted with the Sixth Amendment jury right of a defendant.

3.     As a result, the Federal Sentencing Guidelines are now advisory rather than mandatory in nature.

4.     However, despite the Supreme Court in *Booker* and *Gall* reminding all federal district court judges that sentencing requires individual attention to each defendant, little has changed in sentencing according to the statistics on the Sentencing Commission's website.

a.  Justice Stevens in his concurring opinion stated: "I am not blind to the fact that, as a practical matter, many federal judges continue to treat the Guidelines as virtually mandatory after our decision in Booker." *Rita v. United States*, 551 U.S. 338 (2007).

5.     The Supreme Court recognized in 2008 and 2009 that lower courts are still placing too much weight and emphasis on the advisory federal sentencing guidelines.  In *Spears v. United States*, 2009 WL 129044 (Jan. 21, 2008), the Court emphasized that lower courts are in no way bound to apply the sentencing guidelines, and can impose a sentence lower than the guidelines even if that sentence is based solely on the district judge's disagreement with them:

> "Even when a particular defendant . . . presents no special mitigating circumstances - no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation - a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines . . .".

6.     The Supreme Court did not stop with the above critique however, in a later decision, *Nelson v. United States*, 2009 WL 160585 (Jan. 26, 2009), it reversed the Fourth Circuit for affirming a within the guidelines sentence because of the district court's statements at the sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's

a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence."

    a.    The Supreme Court explained in *Nelson*:

"The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable.  We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range.  Under our recent precedents, that constitutes error."

## III.  APPLICABLE ADJUSTMENTS

A.  <u>Defendant's Addiction</u>

1.    Defendant suffered from an addiction to prescription pain medication which significantly impaired his normal good judgment and led him to run afoul of the laws.  This is something to consider in the determination of an appropriate selection of sentence.

    a.  Defendant suffers with constant pain from: fractured tail bone, herniated discs in his back, carpal tunnel syndrome and a shoulder injury.

    b.  After becoming reliant upon these substances he lost the concern of their dangers.

    c.  This offense stems from forces that are not under the Defendant's control.  Mr. Wubbena was surely under the influence of the drugs he

had become accustomed and addicted to, this created his problems

with the concept of the law.

> In *Powell v. Texas*, 392 U.S. 514 (1968), Justice White was
> willing to hold that if addiction as a status may not be punished
> neither can the yielding to the compulsion of that addiction, whether
> to narcotics or to alcohol. Id. at 548. Dissenting Justices Fortas,
> Douglas, Brennan, and Stewart wished to adopt a rule that "[c]riminal
> penalties may not be inflicted upon a person for being in a condition
> he is powerless to change."  That is, one under an irresistible
> compulsion to drink or to take narcotics may not be punished for
> those acts. Id. at 554, 567.

Considering these acknowledgments the sentence here should not be

controlled by the range here calculated.

B.    <u>Role in the Offense</u>

1.    The Defense agrees that an adjustment should be made under the

advisory guidelines for the Defendant's Role in the Offense under § 3B1.1,

but it is suggested that an increase of +3 levels is more appropriate and not

the +4.

> a.  Dr. Jeffery Friedlander was the only physician licensed to
>
> prescribe medications in the Neurology and Pain Centers.
>
> b.  As a Physician Assistant, Mr. Wubbena, worked under the
>
> supervision of Dr. Friedlander..
>
> c.  Without the illegally signed prescriptions with the Florida medical

license number and DEA number of Dr. Friedlander, none of the violations could have ever taken place.

d.  Mr. Wubbena was involved in the management of the clinics involved and supervised other co-conspirators (§ 3B1.1(b)).

## IV.   18 U.S.C. SECTION 3553(a) ANALYSIS

A.   <u>History and Characteristics of the Defendant</u> (18 U.S.C. § 3553(a)(1))

1.   The Defendant has trouble dealing with his addiction to prescription pain medication.

2.   The Defendant has no criminal history whatsoever.

3.   The Defendant has four dependents for which he is the principal supporter.

B.   <u>The Need for the Sentence Imposed</u> (18 U.S.C. § 3553(a)(2))

1.   The Defendant was allowed to remain at large during the presentencing period under supervision of pretrial services as he posed no risk to the public in general.

2.   The Defendant did direct co-defendants to dispense the illegally attained pharmaceuticals, but it began as his need for the product himself. In fact he tested positive for prescription pain relief during his presentence release and was still allowed to remain out of custody under supervision.

C.    <u>Sentences Available</u> (18 U.S.C. § 3553(a)(3)

    1.    There is the fact that a sentencing judge may depart for any reason he/she finds compelling regardless of the advisory guidelines, as the guidelines are not to even be presumed reasonable.

    2.  The offense in Count One carries no minimum mandatory sentence therefore any sentence that the court deems reasonable, and sufficient but not greater than necessary, is appropriate.

## V.    SUGGESTED SENTENCE

A.    <u>PSR   Base Offense Level</u>        34

    Adjustment for Acceptance of Responsibility  -3 levels

    Total Offense Level        31

    Criminal History Category        I

    Level 31 / Category I =    108 - 135 months

B.    <u>Adjustments</u>

    1.    Defendant's Role in the Offense under § 3B1.1(b)  +3 levels.

    2.    Adjustment for consideration of the Defendant's past good character and family attachments, all dashed by his addiction to prescription pain medications. (See § 5K2.13 Diminished Capacity).

    3.    Moreover, any reason the Court finds the sentence inappropriate and another sentence is seen to be reasonable in this case.

C.   Results

    1.   A sentence of approximately 60 months would seem to be reasonably called for in fulfilling the purposes of sentencing and not greater than necessary.

    2.   The sentence in this case should be suggested to be open to concurrency with any other related conduct and restitution found appropriate. (See: PSR, Introductory Statement, p.5).

## VI.   REQESTS FOR RECOMMENDATIONS

A.   Participation

    1.   The Defendant respectfully requests that he be allowed to participate in substance abuse treatment program (i.e., 500 residential drug program, under 18 U.S.C. § 3621(e)) while incarcerated.

    2.   As the Defendant has education and training in the medical arts it would be requested that his work assignment in the institution avail themselves of his capabilities and take advantage of this training.

B.   Designation

    1.   The Defendant respectfully requests he be housed in the FCI at Coleman, FL, for visitation and treatment purposes.

## CONCLUSION

WHEREFORE, the Defendant, TROY WUBBENA, by and through his

undersigned counsel, prays this Honorable Court will throughly consider the above

Memorandum and grant the requested relief and/or consider the suggested applications

and alterations deemed necessary to produce a reasonable sentence, sufficient but not

greater than necessary.


RESPECTFULLY SUBMITTED,

*/s/ Anne F. Borghetti*
ANNE F. BORGHETTI, ESQUIRE
520 Second Avenue South
St. Petersburg, Florida
(727) 502-0300 Ph (727) 502-0303 Fax
Florida Bar No. 0843385
aborghetti@aol.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on the 18th day of August 2010, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will then send

notice of electronic filing to the following electronic mail address:

Kathy Peluso,  Assistant United States Attorney  kathy.peluso@usdoj.gov


*/s/ Anne F. Borghetti*
ANNE F. BORGHETTI, ESQUIRE